OPINION *Page 2 
{¶ 1} Defendant-appellant Eric R. Porco appeals the November 9, 2006 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, sentencing him to two consecutive terms of imprisonment on two counts of contempt for failure to pay child support. Intervenor Stark County Child Support Enforcement Agency submitted a response to Appellant's appeal.
 STATEMENT OF THE CASE {¶ 2} On May 5, 2003, in case number JU-127038, Appellant and Cassandra Benson submitted an Agreed Judgment Entry in the Stark County Court of Common Pleas, Juvenile Division, ordering Appellant to pay Cassandra Benson child support for one child. On August 5, 2004, the Stark County Child Support Enforcement Agency filed a motion for an order to show cause relative to Appellant's failure to pay the ordered child support.
 {¶ 3} On March 16, 2005, in case number JU-134610, the Stark County Court of Common Pleas, Juvenile Division, ordered Appellant pay Jessica Floom child support for two children. On October 5, 2005, the CSEA filed a motion to show cause relative to Appellant's failure to pay child support as ordered in that case.
 {¶ 4} On October 19, 2006, the trial court held a hearing on the motion to show cause in case number JU-127038 and on the motion to show cause in case number JU-134610. Appellant requested the matter be set for evidence and for reasonable bond to be set. The trial court scheduled an evidentiary hearing on October 31, 2006, and set bond at $15,000 cash. The trial court then continued the hearing to November 8, 2006. At the evidentiary hearing, Appellant stipulated to a finding of contempt in both cases. *Page 3 
The trial court then found Appellant guilty of contempt in each case, and proceeded to sentencing.
 {¶ 5} Via Judgment Entry of November 9, 2006, the court sentenced Appellant to thirty days in prison on case number JU-127038, and sixty days in prison relative to case number JU-134610. The court ordered the terms be served consecutively, with credit for time served. The court further ordered Appellant pay a fine of $250.00 plus costs on the first contempt, and $500.00 plus costs on the second contempt.
 {¶ 6} Appellant moved the trial court to stay the sentence, and the trial court denied the same. Appellant filed his appeal on December 7, 2006, in both cases. On December 8, 2006, Appellant filed a motion to stay execution of sentence with this Court. On December 13, 2006, the trial court issued a Judgment Entry stating the court's reasons for denying Appellant's motion to stay. On December 18, 2006, this Court denied Appellant's motion to stay execution pending appeal.
 {¶ 7} Appellant now assigns as error:
 {¶ 8} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT-APPELLANT TO 30 DAYS AT THE STARK COUNTY JAIL IN CASE JU-127038 AND 60 DAYS AT THE STARK COUNTY JAIL IN CASE JU-134610 TO BE SERVED CONSECUTIVELY, CONTRARY TO OHIO REVISED CODE SECTION2705.05(A) WHICH ONLY AUTHORIZES THE COURT TO ORDER 30 DAYS ON EACH FIRST CONTEMPT OFFENSE, WHERE DEFENDANT-APPELLANT'S FINDING OF CONTEMPT IN CASE JU-127038 WAS A FIRST OFFENSE AND DEFENDANT-APPELLANT'S FINDING OF CONTEMPT IN CASE JU-134610 WAS A FIRST OFFENSE." *Page 4 
 {¶ 9} Initially, we recognize Appellant's sentence has been served, and Appellant is no longer incarcerated. However, we do not find the issues raised herein moot, as adjudication will necessarily effect any other potential contempt proceedings relative to the pending cases and the maximum fines which may be imposed.
 {¶ 10} In the sole assignment of error, Appellant argues the trial court violated R.C. 2705.05(A) in sentencing him to thirty days in case number JU-127038 and sixty days in prison on case number JU-134610. Specifically, Appellant argues the statute only authorizes the trial court to order thirty days on each first contempt offense, where, as here, each finding of contempt represents a first offense.
 {¶ 11} R.C. Section 2705.05(A) reads:
 {¶ 12} "2705.05 Hearing on contempt; penalties; support orders;failure to withhold or deduct money pursuant to support order
 {¶ 13} "(A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:
 {¶ 14} "(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;
 {¶ 15} "(2) For a second offense, a fine of not more than five hundred dollars, a definite term of imprisonment of not more than sixty days in jail, or both; *Page 5 
 {¶ 16} "(3) For a third or subsequent offense, a fine of not more than one thousand dollars, a definite term of imprisonment of not more than ninety days in jail, or both."
 {¶ 17} At the November 8, 2006 hearing, the following exchange took place:
 {¶ 18} "The Court: All right. So you're looking at thirty plus sixty maybe.
 {¶ 19} "The Defense: Your Honor?
 {¶ 20} "The Court: Yeah.
 {¶ 21} "The Defense: We had address [sic] the last point ah . . .
 {¶ 22} "The Court: You didn't like what I said about it either did you.
 {¶ 23} "The Defense: Well Your Honor I do disagree. I feel that um the way that the contempt statute is written . . .
 {¶ 24} "The Court: It's more important the Court of Appeals Judge disagrees with me then if the lawyer disagrees with me especially as far as you [sic] client is concerned right.
 {¶ 25} "The Defense: Well your Honor I have explained to my client in the last hearing we had addressed this as well but I do feel that these contempt's would both be first offenses.
 {¶ 26} "The Court: So if I'm going to rob a bank I better get in there an [sic] do it two or three times on the same date because I can only get one conviction. Is it a double jeopardy issue or what is it?
 {¶ 27} "The Defense: No. I think that it is statutory interpretation issue the way that the statute is written should be read in light of purpose of the civil contempt laws and the purpose is suppose [sic] to be remedial and coercive. Coercive in order to get *Page 6 
an individual to comply with the Court order. Where it is designed to say that a first offense of not following a court order you get this punishment or this sanction to make you follow this court order not punishment and then if you continue to violate it the sanction increase [sic] and that should be on a [sic] individual case.
 {¶ 28} "The Court: Well don't you think that it is more coercive that the guy is getting thirty plus sixty is two thirty's concurrent. Is what I'm trying to do is coercive [sic] him into following the court order.
 {¶ 29} "The Defense: Well I don't feel that is authorized under the statute as a maximum penalty under the statute.
 {¶ 30} "The Court: And you know of course the contempt can both be civil and criminal or both mixed nature. Based upon the ah . . . the goal or what the sentence would be. So that if it is remedial or coercive in nature to get somebody to do something or stop them from doing something it's more the nature of civil contempt as opposed to if it's truly punitive. I mean there can be aspects of a contempt that are criminal as well. But it can actually be both.
 {¶ 31} "The Defense: Right. And I think that case law has made it clear that generally speaking a child support contempt case is civil in nature. It can be quasi criminal or criminal depending on the way that . . . the way that the way we are trying to do it. Here I think that the Court should be proceeding as a truly civil matter trying to coerce the obligor into paying the child support not as a punishment.
 {¶ 32} "The Court: All right. Well now that we've had that discussion. Your client wants to stipulate to the contempt?
 {¶ 33} "The Defense: Yes Your Honor." *Page 7 
 {¶ 34} "* * *
 {¶ 35} "The Court: Uh huh. All right. Thirty days on the first one and sixty days on the second. A $250.00 fine and costs and a $500.00 fine and costs on the second one. Now consecutively. Now defendant I'm going to give you a meaningful opportunity to purge the contempt or you can defer the sentence. And you shall report to the Stark County Jail on December 15th at 9:00 A.M. and you'll be released on February 24th at 6:00 P.M. I'll give you credit for 18 days served and set out the terms of your purge or your defer in other words if you make substantial efforts to bring yourself in compliance with Court orders I will consider deferring that sentence. I'm not doing anything other then what I just said unless I hear from Ms. Eoff that you made a substantial effort to address the arrearage that you have. And ah if you do that then maybe everybody's Christmas will be a little brighter. If you don't then at least yours is going to be miserable. Anything else?
 {¶ 36} "The Defense: Your Honor. I would just like to note my objection for the record.
 {¶ 37} "The Court: Sure. Sounds good. Anything else."
 {¶ 38} Tr. at 4-6; 15.
 {¶ 39} Criminal and civil contempt are distinguished by the character and purpose of the punishment issued to the contemnor. Brown v.Executive 200, Inc. (1980), 64 Ohio St. 2d 250. The purpose of a sanction for civil contempt is to coerce the contemnor to comply with the court's order, whereas a sanction for criminal contempt is a punishment for past refusal to obey a court order. In re Carroll (1985), *Page 8 
28 Ohio App. 3d 6; Pugh v. Pugh (1984), 15 Ohio St. 3d 136; In re McGinty (1986),30 Ohio App. 3d 219.
 {¶ 40} In Pugh v. Pugh (1984), 15 Ohio St.3d 136, the Supreme Court addressed a similar issue to that raised sub judice, finding:
 {¶ 41} "In the case sub judice, appellant was ordered to serve two consecutive ten-day jail terms for violating two different terms of the separation agreement. However, both violations were brought out in one action for contempt. * * *
 {¶ 42} "Therefore, appellant may only be imprisoned for a maximum of ten days if he is found guilty of contempt. He cannot be imprisoned for each violation which composes the contempt charge. However, this ruling does not limit the number of contempt actions which may be brought. If appellant refuses to obey the orders of the court after serving his sentence, additional contempt proceedings can be initiated which list the appellant's violations."
 {¶ 43} In Smith v. Smith (Jan. 27, 1998), Pike App. No. 397, the Fourth District also addressed a similar issue. On June 11, 1985, Smith filed a motion to cite the appellant for contempt regarding visitation with Shelly Jean Smith for the weekends of May 10-12, May 24-26, and June 7-9, 1985. On July 9, 1985, Smith filed a second motion to cite the appellant for contempt regarding summer visitation with Shelly Jean Smith. On July 23, 1985, Smith filed a third motion to cite the appellant for contempt regarding visitation with Shelly Jean Smith for the weekend of July 19-21, 1985. The trial court held:
 {¶ 44} "* * * Additionally, where separate contempt violations are brought out in one action for contempt, the guilty party cannot be imprisoned for each violation which *Page 9 
composes the contempt charge and may only be imprisoned for a maximum of ten days pursuant to R.C. 2705.05. Pugh v. Pugh (1984),15 Ohio St. 3d 136.
 {¶ 45} "In the case at bar, appellee filed four motions to cite appellant for contempt, a June 11, 1985 motion averring three separate violations of which the trial court found appellant guilty of two, and July 9, August 6, and September 9, 1985 motions averring single violations. Unlike Shiltz, supra, appellant had notice of all the contempt charges and with the exception of the June 11, 1985 contempt motion, and unlike Pugh, supra, the contempt findings were based on separate contempt charges. As noted in Pugh, supra at p. 143, its ruling did `not limit the number of contempt actions which may be brought.' Additionally, the lack of separate hearings on the contempt actions was occasioned, at least in part, by two continuances on behalf of appellant."
 {¶ 46} "However, the trial court erred in treating the two violations of the June 11, 1985 `charge' as two separate contempt findings requiring two separate sentences and such treatment was in contravention of Pugh, supra. Accordingly, the trial court could have only imposed a total of forty days rather than fifty days of jail time with respect to appellant's current contempt motions."
 {¶ 47} This Court has addressed the issue raised herein in Pinque v.Pinque (Nov. 6, 1995), Delaware App. No. 95CAF02006 finding:
 {¶ 48} "However, the trial court's failure to impose a sentence relative to its finding of contempt is not without legal effect. Because the trial court did not impose sentences on its contempt findings relative to appellee's March 20, 1991 and December 23, 1991 Motions to Cite in Contempt, those contempt findings do not constitute "previous offenses" within the meaning of R.C. 2705.05. Likewise, because the acts *Page 10 
underlying the December 23, 1991, July 27, 1992 and April 12, 1994 contempt findings (the second, third and fourth contempt findings, respectively) were committed prior to the imposition of sentence for the March 20, 1991 offense of contempt, the penalties as to each of the second, third and fourth contempt findings may not be enhanced pursuant to R.C. 2705.05. Consequently, the trial court should have sentenced appellant on the March 20, 1991, December 23, 1991, July 27, 1992 and April 12, 1994 findings of contempt each as first offenses, not subject to the enhancement provisions of R.C. 2705.05(A).
 {¶ 49} "We find this interpretation of R.C. 2705.05's penalty enhancement provision to be in accord with the Supreme Court's interpretation of R.C. 2913.02's analogous penalty enhancement provisions for theft offenses. In State v. Henderson (1979),58 Ohio St.2d 171, the Ohio Supreme Court found that where an accused has entered a plea of guilty to a theft offense but has not been sentenced by the court on that charge, such offender has not been previously convicted of a theft offense within the meaning of R.C 2913.02(B).Id. at syllabus. Similarly, under our holding in the instant case, where a party has not been sentenced by the court on the charge of contempt, said party has not been previously convicted of said charge within the meaning of R.C. 2705.05 and is not subject to that statute's penalty enhancement provisions relative to said charge."
 {¶ 50} Upon review of the above, in this case there was not an entry of sentence or final adjudication on the first offense, which would allow the trial court to treat the second contempt finding as a second offense. The first finding of contempt was not filed before an adjudication as to the second charge of contempt for failure to pay child *Page 11 
support.[1] Accordingly, we find the trial court erred as a matter of law in not sentencing Appellant on each offense as a first offense, not subject to the enhancement provisions of R.C. 2705.05(A).
 {¶ 51} For the reason set forth above, the November 9, 2006 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is reversed, and the matter remanded for resentencing in accordance with the law and this opinion. Because Appellant has spent 30 days of incarceration beyond the maximum he could be legally sentenced, we further order the trial court credit Appellant a per diem amount normally allowed as credit for jail time against any remaining amount due on any fine imposed upon resentencing.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the November 9, 2006 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is reversed, and the matter remanded for resentencing in accordance with the law and our opinion. Costs to appellee.
[1] We note the findings of contempt were not successive violations in the same case; rather, the violations arose in separate case numbers. While we question the legality of applying the enhancement provisions for subsequent contempt violations not occurring in the same case, we reserve answering that question for another day as it is not necessary to do so in resolving this case. *Page 1