[Cite as *Mitchell v. Babickas*, 2018-Ohio-383.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105294**

---

# LUANN MITCHELL

PLAINTIFF-APPELLANT

vs.

# AUSRA BABICKAS, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-847533

**BEFORE:** Kilbane, J., E.A. Gallagher, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 1, 2018

**APPELLANT**

Luann Mitchell
375 Balmoral Drive
Richmond Heights, Ohio 44143

**ATTORNEYS FOR APPELLEES**

**For Ausra Babickas**

David P. Stadler
Paul Morway
Ankuda, Stadler & Moeller, L.T.D.
1120 Oswald Centre
1100 Superior Avenue, East
Cleveland, Ohio 44114

**For E.G. Systems, Inc.**

Michael Charlillo
Ulmer & Berne, L.L.P.
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113

Sean T. Needham
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio      41157

**For Scotts Lawn Service**

Brian D. Sullivan
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Luann Mitchell ("Mitchell"), pro se, appeals from the trial court's decision granting summary judgment in favor of defendant-appellee, E.G. Systems, Inc., d.b.a. Scotts Lawn Service ("Scotts") and finding Mitchell to be a vexatious litigator.[1] For the reasons set forth below, we affirm.

{¶2} The instant appeal arises from the third complaint Mitchell has brought, individually or on behalf of LAME, Inc., against Scotts and her neighbor, defendant-appellee, Ausra Babickas ("Babickas"), for damages Mitchell alleges to have sustained when Scotts allegedly trespassed on residential property located at 375 Balmoral Drive in Richmond Heights, Ohio, and negligently spread chemicals and fertilizer that destroyed the lawn and shrubbery.

{¶3} The facts and underlying procedure of this appeal has been set forth by this court in *LAME, Inc. v. E.G. Sys., Inc.*, 8th Dist. Cuyahoga No. 101566, 2015-Ohio-686, as follows:

> On April 18, 2012, LAME filed a complaint against Scott[s] for damages incurred when Scott[s] allegedly trespassed on residential property located at 375 Balmoral Drive in Richmond Heights, Ohio, and negligently spread chemicals and fertilizer that destroyed the lawn and shrubbery. Scott[s] filed an answer denying the allegations and asserting that LAME lacked standing to maintain the action. Additionally, on_ January 11, 2013, counsel for Scott sent a letter to LAME's counsel advising that LAME was not the legal or equitable owner of the Balmoral Drive property as

---

[1]Mitchell was admitted to practice law in the state of Ohio in 1983, but as of the date of this opinion, her license is under suspension.

evidenced by a judgment in earlier court proceedings involving LAME, and that LAME therefore lacked standing to pursue the action. Two weeks later, LAME voluntarily dismissed its complaint.

Nevertheless, on August 14, 2013, LAME filed a second complaint against Scott[s], asserting the same claims relating to Scott[s] alleged trespass and negligent action regarding the Balmoral Drive property. Scott[s] filed an answer in which it again asserted that LAME lacked standing to pursue the action. Additionally, on September 4, 2013, counsel for Scott[s] sent LAME's counsel a letter again advising that LAME did not hold valid title to the Balmoral Drive property and requesting immediate dismissal of the complaint. LAME did not respond to the letter and did not dismiss its complaint, but instead continued to litigate its claims.

On March 5, 2014, three months before the scheduled trial date, LAME filed a motion to amend its complaint, seeking to add Luann Mitchell as a new-party plaintiff. Scott[s] filed a brief in opposition to LAME's motion. Subsequently, Scott[s] filed a motion for summary judgment in which it argued that it was entitled to judgment as a matter of law because (1) LAME lacked standing to pursue its claims because it had no ownership interest in the Balmoral Drive property; and (2) even if she were joined as a party, Mitchell lacked standing and was estopped from pursuing any claims against Scott[s].

As support for its summary judgment motion, Scott[s] offered the following evidence. On July 31, 1989, the Balmoral Drive property was conveyed to Mitchell via warranty deed. On June 13, 2005, Western Reserve Area Agency on Aging ("WRAAA") filed a post-judgment motion for attorney fees against Mitchell in Cuyahoga County Probate Court, based on Mitchell's frivolous commencement and prosecution since 2002 of an action against WRAAA. On December 30, 2005, while the motion for fees was pending and in an apparent effort to avoid execution against the property, Mitchell tried to transfer the Balmoral Drive property via quit claim deed to LAME. On November 30, 2006, the probate court granted the motion for attorney fees and entered judgment against Mitchell in the amount of $32,154.79 plus post-judgment interest at the statutory rate. The judgment was subsequently reduced to a lien on the property.

In 2009, WRAAA filed a complaint for declaratory judgment, fraudulent transfer, and foreclosure of judgment lien against Mitchell and LAME. *Western Reserve Area Agency on Aging v. Mitchell*, Cuyahoga C.P. No. CV-09-694799 (Apr. 19, 2013). Among other claims, WRAAA sought a

declaratory judgment that the quit claim deed filed on December 30, 2005, purporting to transfer the Balmoral Drive property from Mitchell to LAME was void and therefore ineffective to transfer any interest to LAME, and a decree of foreclosure based upon its judgment lien.

On January 31, 2011, a magistrate in the foreclosure case issued a magistrate's decision granting judgment to WRAAA on its count for declaratory judgment. Specifically, the magistrate's decision stated that "LAME, Inc. was not, and is_not, a legal entity capable of holding legal title or of being served." The decision found that LAME, Inc. was nothing more than a trade name, and the name had not been filed until February 19, 2010, well after the attempted transfer by quit claim deed. The decision further found that "[e]ven if LAME, Inc. had been a valid trade name when the quit claim deed was recorded, it was not, and never has been, an entity capable of holding title to real property." Accordingly, the magistrate ruled that "the quit claim deed purporting to transfer Mitchell's interest to LAME is void and ineffective to transfer any interest in the property." The decision also granted judgment to WRAAA on its claim for foreclosure on the Balmoral Drive property. The trial court adopted the magistrate's decision on April 19, 2013, and subsequently ordered the marshaling of liens and sale of the property.

Throughout the foreclosure proceedings, Mitchell claimed that she had no ownership interest in the property and that LAME held exclusive title such that WRAAA had no right in foreclosure. But presumably sensing the loss of the property, on June 24, 2013, Mitchell filed a voluntary petition in bankruptcy under Chapter_7 in the United States Bankruptcy Court for the Northern District of Ohio. *In re: Mitchell*, N.D. Ohio Case No. 13-14494-aih. On Schedule A of the bankruptcy petition, Mitchell represented for the first time that she held fee simple title to the Balmoral Drive property. She included the property on Schedule C of the petition seeking a homestead exemption under R.C. 2329.66(A)(1). Notably, the petition did not schedule any claim or cause of action against Scott[s]._

An order of discharge was entered in the bankruptcy case on October 2, 2013. Subsequently, on April 30, 2014, Mitchell secured the homestead exemption on the property. In the interim, LAME had filed the two complaints against Scott[s] regarding the Balmoral Drive property._

On May 2, 2014, the trial court in this case issued a judgment entry and opinion denying LAME's motion to amend the complaint to add Mitchell as the real party in interest, and granting Scott[s'] motion for summary

judgment. The trial court found that LAME's motion to amend was filed after the close of discovery, three months prior to trial, and almost two years after the filing of the original complaint. Accordingly, the trial court ruled that under Civ.R. 17, LAME's motion was untimely and allowing amendment would cause substantial hardship to Scott[s].

With respect to Scott[s'] motion for summary judgment, the trial court noted that the magistrate's decision entered on January 31, 2011, in the foreclosure case specifically found that LAME "was not and is not a legal entity capable of holding legal title or of being served," and that the trial court in that case had subsequently adopted the magistrate's decision. Accordingly, the trial court found that "[i]t has been previously determined, and no issue of fact remains, that LAME never received legal or equitable title in the property. LAME, therefore, has no interest in claims asserted against Scott[s]." The trial court therefore granted Scott[s'] motion for summary judgment.

*Id.* at ¶ 2-11.

{¶4} On appeal, LAME argued that the trial court erred in denying its motion for leave to amend its complaint and in granting Scotts' motion for summary judgment. We held that the trial court did not abuse its discretion in finding LAME's motion to amend untimely and prejudicial to Scotts' ability to defend the case because "LAME knew it lacked standing but waited to try to amend until the eve of trial." *Id.* at ¶ 19. We further held that the trial court properly granted Scotts' motion for summary judgment as LAME lacked standing to pursue any claims against Scotts and reasonable minds could only conclude that Scotts was entitled to judgment as a matter of law. *Id.* at ¶ 22.

{¶5} We also acknowledged that even if Mitchell were joined as a party, she is not the real party in interest. We stated that

[t]he moment Mitchell filed her petition in the bankruptcy case, any and all claims, whether asserted or unasserted, became the property of the bankruptcy estate. *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83

L.Ed.2d 649, fn. 12 (1985); *In re Cottrell*, 876 F.2d 540, 542 (6th Cir.1989). The bankruptcy trustee is the representative of the estate, with the capacity to sue or be sued. 11 U.S.C. §323 (2014). Thus, the bankruptcy trustee, not Mitchell, has exclusive authority to maintain a cause of action against Scott[s]. Moreover, because Mitchell did not disclose any claim against Scott[s] in her bankruptcy petition, she is estopped from pursuing them in this action. *Bruck Mfg. Co. v. Mason*, 84 Ohio App.3d 398, 616 N.E.2d 1168 (8th Dist.1992) (longstanding bankruptcy tenet requires a debtor to disclose any litigation likely to arise in a non-bankruptcy context; failure to do so triggers equitable estoppel, operating against a subsequent attempt to prosecute the claim).

*Id.* at ¶ 23.

**{¶6}** Following our decision, Mitchell filed a third action (the current action) against Scotts in June 2015, raising the same allegations as the previous two complaints. Mitchell also included a negligence claim against Babickas. In response to Mitchell's pro se complaint, Scotts filed an answer and a counterclaim seeking a declaration that Mitchell is a vexatious litigator. Babickas filed a motion for judgment on the pleadings, which was granted by the trial court in October 2015. Scotts moved for summary judgment on Mitchell's claims. The trial court granted the motion, relying on our opinion in *LAME, Inc.* and 11 U.S.C. 541. In light of the trial court's rulings, the only claim remaining was Scotts' counterclaim (vexatious litigator) against Mitchell.

**{¶7}** Scotts moved for summary judgment on its counterclaim in September 2015 which was unopposed by Mitchell. In November 2015, the trial court granted Scotts' motion, finding Mitchell to be a vexatious litigator. The court, under the authority prescribed in R.C. 2323.52, imposed the following restrictions against Mitchell:

Mitchell is prohibited from instituting legal proceedings in the court of claims, a court of common pleas, municipal or county court without first obtaining leave of the court. This order shall remain effective for a period of 6 months from the date of this judgment. * * * [T]he clerk of court shall send a certified copy of this order to the Supreme Court for publication as dictated by [R.C.2323.52(H)].

**{¶8}** It is from this order that Mitchell appeals, raising the following four assignments of error for review, which shall be discussed out of order for ease of analysis.

## Assignment of Error One

The trial court erred by relying on federal bankruptcy filings, [Mitchell's] conduct as a licensed attorney while representing her clients, and the conduct of [her former attorney] to conclude that [Mitchell] qualified as a vexatious litigator in violation of [R.C. 2323.52(A)(3)].

## Assignment of Error Two

The trial court erred in holding that the [Sean] Needham affidavit satisfied [Civ.R. 56(E)] of the Ohio Rules of Civil Procedure.

## Assignment of Error Three

The trial court erred to the prejudice of [Mitchell] when it failed to act upon [Mitchell's] notice and ensure that she received service of all recorded filings in compliance with due process of law.

## Assignment of Error Four

The denial of [Mitchell's] motion to hold the case in abeyance based on her pregnancy illness was an abuse of the trial court's discretion and had a prejudicial effect on [Mitchell.]

## Service

{¶9}   In the third assignment of error, Mitchell argues the court erred when it failed to act upon her notice that she did not receive proper notice of any of Scotts' filings, including Scotts' motion for summary judgment on its vexatious litigator counterclaim.   As a result, she contends that she was not able to file a timely brief in opposition.

{¶10} We note that where a party follows the Ohio Civil Rules governing service of process, there is a presumption that service is proper unless the other party rebuts this presumption with sufficient evidence of nonservice.   (Citations omitted.)   *McWilliams v.*

*Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, 98423, 2013-Ohio-29, ¶ 49-50, citing *Rafalski v. Oates*, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (8th Dist.1984), and *PFG Ventures, L.P. v. King*, 8th Dist. No. 95352, 2011-Ohio-1248, ¶ 4 (the "motion for summary judgment contained a certificate of service as required by Civ.R. 5(D) and there is no evidence that the motion had been returned indicating failure of delivery, so there is a rebuttable presumption of proper service.")  In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service.  *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

**{¶11}** In the instant case, Scotts' motion for summary judgment contained a certificate of service as required by Civ.R. 5(D).  There is no evidence in the record that the motion had been returned to Scotts indicating failure of delivery.  Accordingly, there is a rebuttable presumption of proper service, and Mitchell did not rebut this presumption by producing evidentiary-quality information demonstrating she did not receive service of the motion.

**{¶12}** Therefore, the third assignment of error is overruled.

<u>Summary Judgment</u>

**{¶13}** In the first and second assignment of error, Mitchell challenges the trial court's ruling in favor of Scotts' motion for summary judgment.

**{¶14}** We review an appeal from summary judgment under a de novo standard of review.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671

N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998).   In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.   The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶15} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."   Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197.   Doubts must be resolved in favor of the nonmoving party.   *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶16} Mitchell argues that the trial court considered matters outside the purview of R.C. 2323.52.   She further argues the affidavit by Sean Needham, which was attached to Scotts' motion for summary judgment, was unauthenticated and not based on personal knowledge.   However, as stated above, Mitchell did not file a brief in opposition to

Scotts' motion for summary judgment. Therefore, these arguments are made for the first time on appeal. Since these arguments were not before the trial court, we cannot consider them here for the first time. *Wallace v. Spitzer Motor City, Inc.*, 8th Dist. Cuyahoga Nos. 63413 and 63538, 1993 Ohio App. LEXIS 3912, *7 (Aug. 12, 1993). Furthermore, the failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C). *Home Bank, F.S.B. v. Papadelis*, 8th Dist. Cuyahoga Nos. 87527, 87528, 87529, and 87530, 2006-Ohio-5453, ¶ 31, citing *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83, 523 N.E.2d 902 (8th Dist.1987).

{¶17} Notwithstanding Mitchell's lack of response to Scotts' motion for summary judgment, Scotts is not entitled to summary judgment absent proof that such judgment is, pursuant to Civ.R. 56(C), appropriate. *Wallace* at *3-5 (Aug. 12, 1993), citing *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 517 N.E.2d 904 (1988).

{¶18} In the instant case, a review of the evidence submitted by Scotts demonstrates that Mitchell is a vexatious litigator. A "vexatious litigator" is

> any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions.

R.C. 2323.52(A)(3). This definition includes a person who is authorized to practice law in this state and is representing or has represented his or herself pro se in the civil action. *Id.*

{¶19} "Vexatious conduct" includes a party's civil-action conduct that "(a) * * * obviously serves merely to harass or maliciously injure another party to the civil action" or that "(b) * * * is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law" or that is "(c) * * * imposed solely for delay." R.C. 2323.52(A)(2). "Conduct" includes filing a civil action or asserting a claim, defense, or other position. R.C. 2323.51(A)(1)(a).

{¶20} As the Ohio Supreme Court stated in *Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656 (2000):

> The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources — resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.

*Id.* at 13, quoting *Cent. State Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998).

{¶21} The evidence submitted to the trial court clearly demonstrated a pattern of conduct engaged in by Mitchell designed to harass Scotts. Mitchell filed or caused to be filed three separate actions against Scotts all based upon identical facts. Mitchell insisted on continuing to force Scotts to incur time and expense defending these actions, despite

this court determining that both her claims and the claims of her company, LAME, were without merit. *LAME.*

{¶22} This evidence, when construed most strongly in Mitchell's favor, leads reasonable minds to one conclusion, and that conclusion is adverse to Mitchell. Therefore, we find that the trial court properly granted summary judgment in favor of Scotts.

{¶23} Accordingly, the first and second assignments of error are overruled.

## Motion to Hold Case in Abeyance

{¶24} In the fourth assignment of error, Mitchell argues the trial court abused its discretion when it denied her Civ.R. 6(B)(2) motion to hold the case in abeyance because of her pregnancy illness.

{¶25} In granting or denying motions to hold case in abeyance under Civ.R. 6(B)(2), trial courts have broad discretion, and the trial court's decision will not be disturbed absent an abuse of that discretion. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465, 650 N.E.2d 1343 (1995). Specifically, the trial court must evaluate all the surrounding facts and circumstances and must be mindful that cases should be decided, where possible, on the merits rather than on procedural grounds. *Lindenschmidt* at 466, citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988).

{¶26} Here, the trial court properly considered all the surrounding circumstances: Mitchell's prior conduct as a licensed attorney, the disciplinary sanctions levied against

her, and her conduct as a pro se litigant.   Based on the foregoing, the trial court properly exercised its discretion in proceeding with the case.

**{¶27}** Therefore, the fourth assignment of error is overruled.

**{¶28}** Judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, A.J., and
LARRY A. JONES, SR., J., CONCUR