[Cite as *Dimalanta v. Dimalanta*, 2020-Ohio-6992.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| AMIE DIMALANTA, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 108920 |
| v. | : | |
| ERNIE DIMALANTA, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 31, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-18-371971

*Appearances:*

Stafford Law Co., L.P.A., and Joseph G. Stafford and Nicole A. Cruz, *for appellee.*

Leslie S. Graske, Eric J. Moore and Corey Flowers, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Ernie Dimalanta appeals the trial court's judgment finding him in civil contempt for failing to pay temporary support and being more than $43,000 in arrears. We affirm.

## A. Background Facts and Procedural History

{¶ 2} Ernie and Amie Dimalanta were married in 1999 and had two children together. In August 2016, Amie filed a complaint for divorce.[1] In December 2016, the trial court imposed a temporary support order, requiring Ernie to pay $5,765.07 each month. In March 2017, Amie filed her first of four motions to show cause which are the subject of this appeal. In that motion, Amie claimed that Ernie failed to pay the required temporary support.[2]

{¶ 3} In September 2017, a magistrate judge held a hearing on Amie's motion. The magistrate found Ernie to be in contempt of court because of his nonpayment of support.[3] In the decision, the magistrate noted that Ernie "should have paid $27,860.44," but that as of September 11, 2017, "has paid a total of $2,991.05" and that Amie demonstrated Ernie was in arrears $24,869.39 as of September 11, 2017.

{¶ 4} In November 2017, the court issued another temporary support order ("2017 order"), which superseded its previous temporary order and reduced Ernie's monthly support obligation to $2,346.81. The 2017 order also provided notice that the "[f]ailure to comply with this support order can result in a contempt action."

---

[1] The original case number was DR-16-363593. As discussed below, that case was voluntarily dismissed in May 2018 and refiled shortly thereafter as the present case, DR-18-371971.

[2] In his brief, Ernie refers to this show cause motion as "motion number 397940."

[3] Although the hearing was in September 2017, the magistrate's decision was filed in December 2017.

{¶ 5} In May 2018, the plaintiff voluntarily dismissed the case without prejudice and refiled the instant case several days later. Pursuant to an agreement between the parties and judgment entry, all prior orders in the dismissed case would be effective in the refiled case. They agreed arrearages on prior orders, claims, defenses, objections and pending motions not affected by Ernie's bankruptcy filing and discharge would remain in effect in the new case. They also agreed Ernie's bankruptcy would not impact any support arrearages.

{¶ 6} In July 2018, Amie filed another motion to show cause, alleging that Ernie had failed to pay the required support.

{¶ 7} In September 2018, the court issued a new temporary support order ("2018 order") which superseded the 2017 order and included changes unrelated to this appeal. The 2018 order did not change Ernie's support obligation. He was still required to pay $2,346.81 each month.

{¶ 8} Amie filed two additional motions to show cause alleging nonpayment, in February 2019 and May 2019.

{¶ 9} The court consolidated Amie's four show cause motions for hearing in June 2019. Both Amie and Ernie were present and represented by counsel. At the hearing, the court heard testimony and received evidence, including a certified financial transaction history from Child Support Services of Cuyahoga Job and Family Services which reflected that as of June 3, 2019, Ernie was more than $43,000 in arrears. The court noted in its judgment entry that Ernie testified that

his business was struggling but that he had not looked for new employment since the summer of 2018.

{¶ 10} The court granted all four of Amie's show cause motions and found that, based on the evidence presented, Ernie was in civil contempt because of his failure to comply with the 2017 and 2018 orders. The court found this was Ernie's "second offense" and sentenced him to "sixty (60) days in jail, or until the contempt is purged, whichever occurs first." The court decreed that Ernie's contempt would be purged if Ernie (1) within 30 days paid $8,766.61, which constituted twenty percent of his arrears and (2) made 12 consecutive on-time support payments.

{¶ 11} Additionally, in the judgment entry the court referenced the magistrate's decision, stating that it "takes notice" that the magistrate found Ernie in contempt pursuant to Amie's first motion to show cause.

{¶ 12} This appeal follows.

## B. Assignments of Error

{¶ 13} Ernie asserts the following assignments of error:

1. The trial court erred in finding [Ernie] in contempt of the Court's order dated November 22, 2017, when that order did not exist at the time of the motion to show cause, much less the time of the evidentiary hearing.

2. The trial court erred in finding [Ernie] in contempt twice as to Motion #397940, (which already had been ruled on by Magistrate's Decision dated and which was subject to [Ernie's] Motion to Set Aside at the time of the evidentiary hearing) and using this finding to enhance penalties on the consolidated motions.

3. The trial court erred in finding that [Ernie] was in contempt for a second time when the Magistrate's Decision determining Motion 397940 was stayed by [Ernie's] previous objections.

4. The trial court erred in finding [Ernie] in contempt regarding support orders where Plaintiff had not served him appropriately pursuant to Civil Rules and had not complied with Loc.R. 20.

5. The trial court erred in imposing an unreasonable purge provision, without taking into account [Ernie's] ability to pay.

## C. Analysis

### 1. Finding of Contempt

{¶ 14} In his first assignment of error, Ernie argues that the court erred by finding him in contempt of the 2017 order "when that order did not exist." Ernie's argument is that he could not have violated the 2017 order because the 2018 order, by its own terms "supersede[d]" the November 2017 order. Ernie's argument is technical: he implies that after the 2018 order was issued the 2017 order ceased to be and that as such, he could not have failed to comply with it. We note that Ernie does not dispute that both orders required him to pay monthly support and that he failed to do, contravening both orders. Moreover, Ernie does not dispute that as of June 2019 he was more than $43,000 in arrears.

{¶ 15} "Contempt is defined as a disregard of, or disobedience to, an order or command of judicial authority." *Palnik v. Crane*, 8th Dist. Cuyahoga No. 107400, 2019-Ohio-3364, ¶ 54. We review a contempt finding for abuse of discretion. *Id.* at ¶ 53. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The party initiating the contempt proceeding bears the burden of demonstrating by clear and convincing evidence that the contemnor has failed to pay support. *Palnik* at ¶ 55. "'A prima facie case of contempt is established when

the order is before the court along with proof of the contemnor's failure to comply with it.'" *DeMarco v. DeMarco*, 10th Dist. Franklin No. 09AP-405, 2010-Ohio-445, ¶ 25, quoting *Dzina v. Dzina*, 8th Dist. Cuyahoga No. 83148, 2004-Ohio-4497.

**{¶ 16}** As to the merits of Ernie's argument, the record belies his claim. By his own admission, Ernie violated the 2017 order several times during the time that it was controlling. *Compare Williams v. Williams*, 2d Dist. Montgomery No. 27908, 2018-Ohio-3299, ¶ 1-2 (record supports finding of contempt where party's own testimony failed to comply with terms of support order).

**{¶ 17}** At the hearing, Ernie admitted that he failed to make several monthly support payments during the time period that the 2017 order required him to do so (e.g., that he paid only a portion of the required support in January and March 2018, and that he paid no support from March through August 2018).

**{¶ 18}** Moreover, we note that Ernie also admitted that he failed to make several payments as required by the 2018 order (e.g., Ernie admitted he failed to pay the requisite support in November 2018 as well as in February and April 2019).

**{¶ 19}** The court's judgment entry containing the contempt finding includes as its basis Ernie's "fail[ure] to comply with the temporary support orders issued November 22, 2017 and September 19, 2018."

**{¶ 20}** Accordingly, we find the trial court did not abuse its discretion by finding Ernie in contempt for his admitted failure to comply with the 2017 and 2018 orders. We overrule the first assignment of error.

## 2. Second Contempt Finding

{¶ 21} We address the second and third assignments of error together because they are related, both challenging how the court treated the magistrate's decision finding Ernie in contempt of court. In the second assignment of error, Ernie claims he was found in contempt twice for the same violation. In the third assignment of error, Ernie claims the court erred finding him in contempt for a second time pursuant to Amie's first motion to show cause because his objections stayed the magistrate's decision finding him in contempt.

{¶ 22} As penalties for contempt, in relevant part, R.C. 2705.05(A) permits a court to impose:

(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;

(2) For a second offense, a fine of not more than five hundred dollars, a definite term of imprisonment of not more than sixty days in jail, or both.

{¶ 23} The court's judgment entry provides bases for finding Ernie in contempt: his failure to comply with the 2017 and 2018 orders. The judgment entry stated that "this" was Ernie's "second offense," and that he was "hereby sentenced for said contempt to sixty (60) days in jail, or until the contempt is purged, whichever occurs first." The court further indicated in its judgment entry that it "takes notice" of the magistrate's decision finding Ernie in contempt in December 2017.

{¶ 24} It is not clear that the court's notation in its judgment entry that it "takes notice" of the magistrate's decision finding Ernie in contempt amounts to the court adopting the magistrate's decision. *But see* Civ.R. 53(D)(4)(a) ("A magistrate's decision is not effective unless adopted by the court.").

{¶ 25} Complicating the matter further, the judgment entry does contain the inartful observation that "this" was Ernie's "second offense," because it is not clear precisely to what "this" refers. If the court intended to consider the magistrate's contempt finding as Ernie's "first offense" and aggregate Ernie's violations of both the 2017 and 2018 orders into the singular "second offense" referenced in the opinion, this would be incorrect because it does not appear that the court adopted the magistrate's decision. *See* Civ.R. 53(D)(4)(a).

{¶ 26} Such rationale would be problematic for another reason. Finding a party in contempt for both a first and second offense in the same proceeding has been found to run afoul of R.C. 2705.05. *See, e.g., Benson v. Porco*, 5th Dist. Stark No. 2006CA00366, 2007-Ohio-4586. *Benson* is instructive as to this point. In that factually similar case the Fifth District observed:

> [T]here was not an entry of sentence or final adjudication on the first offense, which would allow the trial court to treat the second contempt finding as a second offense. The first finding of contempt was not filed before an adjudication as to the second charge of contempt for failure to pay child support. Accordingly, we find the trial court erred as a matter of law in not sentencing Appellant on each offense as a first offense, not subject to the enhancement provisions of R.C. 2705.05(A).

*Id.* at ¶ 50.

{¶ 27} Nevertheless, any ambiguity as to the court's treatment of the magistrate's decision aside, the judgment entry as written does provide for two discrete contempt findings, punishable as "first offenses," namely Ernie's violations of the 2017 and 2018 orders.

{¶ 28} As such, the court's blanket 60-day jail sentence does not offend R.C. 2705.05 to the extent that each violation is considered a "first offense" which may be punished by not more than 30 days in jail. *See id.*; *see In re Ayer*, 119 Ohio App.3d 571, 576, 695 N.E.2d 1180 (1st Dist.1997) (a ten-day sentence for each of six separate contempt findings does not violate the R.C. 2705.05(A) limitation of 30 days in jail for first offense); *see State ex rel. Charmaine H. v. Paul D. M.*, 6th Dist. Erie Nos. E-00-067, E-00-065 and E-00-066, 2001 Ohio App. LEXIS 3321, *9 (July 27, 2001) (trial court has discretion to order consecutive jail terms for contempt violations).

{¶ 29} Finding no reversible error, we overrule the second and third assignments of error.

**3. Service**

{¶ 30} In the fourth assignment of error, Ernie argues that the court erred by finding him in contempt where Amie failed to serve him as required by the Civil Rules and failed to comply with Loc.R. 20.

{¶ 31} Initially, we note that Loc.R. 20 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, explicitly pertains to service post-decree and as such has no bearing on this predecree appeal.

{¶ 32} In his brief, Ernie does not specifically identify which of the four motions suffered from deficient service. *But see* App.R. 16(A)(6) and (7). Nevertheless, Ernie asserts that "[o]ne of the summons was signed by [his] father; the other was sent to [him] at his former address," though he fails to make any further clarification.

{¶ 33} Civ.R. 5 governs service of motions to show cause. *Palnik v. Crane*, 8th Dist. Cuyahoga No. 107400, 2019-Ohio-3364, ¶ 38. Civ.R. 5(A) generally requires that a written motion be served upon each party. If a party is represented by an attorney, Civ.R. 5(B)(1) requires that the attorney be served unless otherwise ordered by the court. Under Civ.R. 5, service may be accomplished in several specified ways, including "mailing it to the person's last known address," "delivering it to a commercial carrier service for delivery to the person's last known address within three calendar days" and "sending it by electronic means to a facsimile number or email address provided in accordance with Civ.R. 11 by the attorney or party to be served."

{¶ 34} "The plaintiff bears the burden of obtaining proper service on a defendant." *Palnik* at ¶ 35, citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997); *see also Mitchell v. Babickas*, 8th Dist. Cuyahoga No. 105294, 2018-Ohio-383, ¶ 10 ("[W]here a party follows the Ohio Civil Rules governing service of process, there is a presumption that service is proper unless the other party rebuts this presumption with sufficient evidence of nonservice."). A

party must present evidentiary-quality information that demonstrates service failed to rebut the presumption of proper service. *Mitchell* at ¶ 10.

{¶ 35} Three of Amie's show cause motions are relevant to the court's findings that Ernie violated the 2017 order and the 2018 order.[4] Amie filed one of those motions during the period in which the 2017 order was effective and two motions to show cause during the period in which the 2018 order was effective. Each certificate of service attached to these motions reflects that Ernie was served via certified mail through the clerk of courts and further, that his attorney was served via email.

{¶ 36} As such, there is a presumption that service was proper and Ernie failed to rebut this presumption and identify evidentiary-quality information demonstrating that service failed. *See Mitchell* at ¶10. To the contrary, he testified that at some point during the pendency of these proceedings he was living with his father which undercuts his challenge that service failed because "[o]ne of the summons was signed by [his] father." And further, Ernie does not deny that he was living at his "former address" at the relevant time which undercuts his claim that service failed because it was sent to a "former address." Fundamentally, we note that Ernie makes no claim that he and his counsel failed to receive Amie's show

---

[4] The fourth show cause motion which chronologically was filed first in time, was filed prior to the 2017 order and is therefore not relevant to Ernie's contempt, as previously discussed, the court's contempt findings were based on violations of the 2017 and 2018 orders.

cause motions and he fails to provide citation to the record that establish that service was defective.

{¶ 37} Regardless, Ernie's vague and unsubstantiated claims of failure of service is beside the point because the record reflects that Ernie had actual notice: he was present with counsel at, and participated in, the hearing on Amie's show cause motions. *See FirstMerit Bank, N.A. v. Xyran Ltd.*, 8th Dist. Cuyahoga No. 102905, 2016-Ohio-699, ¶ 10, 17 (actual notice established by party appearing for proceeding). "'Proper service is not required if the alleged contemnor has actual notice of the contempt charges pending against her.'" *Hiscox v. Hiscox*, 7th Dist. Columbiana No. 06-CO-18, 2007-Ohio-1124, ¶ 47, citing *Tandon v. Tandon*, 7th Dist. Jefferson No. 00JE16, 2001 Ohio App. LEXIS 1908 (Apr. 25, 2001); *see also Hansen v. Hansen*, 132 Ohio App.3d 795, 799, 726 N.E.2d 557 (1st Dist.1999) ("Due process requires that notice be reasonably calculated to reach an individual alleged to be in civil contempt.").

{¶ 38} Finally, we note that Ernie does not claim that any prejudice resulted from the allegedly defective service.

{¶ 39} Accordingly, we overrule the fourth assignment of error.

## 4. Unreasonable Purge Provision

{¶ 40} In the fifth assignment of error, Ernie claims that the court imposed an unreasonable purge provision and failed to account for his ability to pay.

{¶ 41} The court imposed two purge conditions on Ernie: (1) within 30 days he pay $8,766.61, which constituted twenty percent of his arrears and (2) make 12 consecutive on-time support payments.

{¶ 42} We review a trial court's sanctions to coerce a party in contempt into compliance with a court order for abuse of discretion. *Marx v. Marx*, 8th Dist. Cuyahoga No. 82021, 2003-Ohio-3536, ¶ 22. A civil contempt sanction must allow the party in contempt the opportunity to purge the contempt. *Id.* "A trial court abuses its discretion by ordering purge conditions which are unreasonable or where compliance is impossible." *Id.* citing *Burchett v. Miller*, 123 Ohio App.3d 550, 704 N.E.2d 636 (6th Dist.1997). The party in contempt bears the burden of presenting sufficient evidence at the contempt hearing to establish that the court's purge conditions are unreasonable or impossible to satisfy. *Id.* "Placing the burden of showing inability to pay on the party charged with contempt is not unreasonable." *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 20.

{¶ 43} At the hearing, Ernie claimed to be in the midst of serious financial trouble. He presented evidence that he had $3 in his personal savings account and that his personal checking account had a negative balance. He also asserted that his business was struggling.

{¶ 44} However, at the hearing Ernie also admitted that he uses his business account as his personal account and that he pays all of his personal expenses through his business account. Ernie failed to provide any documentation or record as to this business account. Both Ernie's admissions as well as his failure to provide

documentation undercut his claim that the court imposed unreasonable purge provisions and failed to consider his ability to pay. *See Palnik*, 8th Dist. Cuyahoga No. 107400, 2019-Ohio-3364, at ¶ 55, citing *Wagshul v. Wagshul*, 2d Dist. Montgomery No. 23564, 2010-Ohio-3120, ¶ 41 ("Unsubstantiated claims of financial difficulties do not establish an impossibility defense to a contempt charge.").

{¶ 45} On the record before us we are unable to conclude that the court abused its discretion by requiring Ernie to pay this purge amount.

{¶ 46} Finally, we note that Ernie has provided no legal basis for us to conclude that it was an abuse of discretion for the court to require Ernie to make monthly support payments as required by its previous order. App.R. 16(A)(7).

{¶ 47} We overrule the fifth assignment of error.

{¶ 48} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MICHELLE J. SHEEHAN, J., CONCUR